94 F.3d 652
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NORTHWEST PROPERTIES DEVELOPMENT CORPORATION; John Graham
Associates, Plaintiffs-Appellants,
v.
MUNICIPALITY OF ANCHORAGE, Defendant-Appellee.
 No. 95-35303.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 8, 1996.*
Decided Aug. 12, 1996.
 
 Before: GOODWIN, BRUNETTI and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 All "instrument[s] pertaining to the conveyance of real property" to the Municipality of Anchorage must be "signed by the mayor or his designee and attested by the clerk." AMC 25.20.030. Although the term "conveyance" is not defined in the Anchorage Municipal Code, its ordinary meaning includes a lease of real property. See Smalley v. Juneau Clinic Bldg. Corp., 493 P.2d 1296, 1299 (Alaska 1972). The lease agreement here was never signed by the mayor and is therefore neither effective nor binding. See AMC 25.10.020(B).
 
 
 3
 Plaintiff argues that interpreting the word "conveyance" to include leases would render superfluous the term "lease" as used in AMC 25.10.020(B). That provision states: "No contract, lease or conveyance pertaining to the acquisition or disposal of real property by the Municipality may be enforced against the Municipality, unless the contract, lease or conveyance was awarded, approved and executed in accordance with this title." Contrary to plaintiff's assertion, the terms "contract," "lease" and "conveyance" are intended to overlap. See AMC 25.10.010(B) (defining "contract" as "an agreement of any kind," a definition broad enough to include both leases and conveyances).
 
 
 4
 Plaintiff contends that even if the mayor's signature was required on the lease, the Municipality waived that requirement when the mayor recommended passage of the ordinance approving plaintiff's proposal. While plaintiff characterizes the language of the ordinance as mandatory, requiring the mayor to reach an agreement on unnegotiated terms and execute the lease, too many material terms were undecided at the time of passage to justify abrogating the AMC's clear command. See Penn-Ohio Steel Corp. v. United States, 354 F.2d 254, 267 (Ct.Cl.1965) (finding binding agreement only where all of the contract's "essential elements" were settled).
 
 
 5
 The order of the district court granting defendant's motion for summary judgment is therefore AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3